

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | | |
|---|---|---|
| **PETER C. MCKITTRICK**<br>BANKRUPTCY JUDGE | 1001 S.W. FIFTH AVENUE, # 700<br>PORTLAND, OREGON 97204<br>(503) 326-1536 | DIANE K. BRIDGE<br>LAW CLERK<br><br>TONIA McCOMBS<br>LAW CLERK |

August 23, 2016

Rita K W Luetkenhaus
PO Box 1262
Hillsboro, OR 97123

Richard E. Fowlks
1607 NE 41st Ave.
Portland, OR 97232

Wayne Godare
222 SW Columbia St. #1700
Portland, OR 97201

    Re:     <u>Rita Luetkenhaus</u>, Case No. 16-30474-pcm13
                Objection to Confirmation; Objection to Claim #3

Dear Ms. Luetkenhaus, Mr. Godare, and Mr. Fowlks:

      The purpose of this letter is to provide you with my ruling following the July 27, 2016, evidentiary hearing in this case.

      The trustee and debtor's former spouse, Richard Luetkenhaus ("Luetkenhaus"), object to confirmation of debtor's chapter 13 plan. The dispute primarily revolves around the claim of Luetkenhaus for $61,183.25 and whether the obligation owing to him is a priority claim for a domestic support obligation ("DSO") that is required to be paid in full through the plan. If it is, the plan cannot be confirmed because it fails to provide for payment of the obligation. The objections also challenge feasibility in the event the obligation is a DSO, as well as debtor's good faith in filing her chapter 13 case and her chapter 13 plan.

      The court held an evidentiary hearing on July 27, 2016. After considering the testimony, exhibits, and arguments of the parties, I conclude that confirmation will be denied.

### FACTS

      Debtor was married to Carey Smith and they had two children. After they were divorced, Smith obtained an attorney fee award of $15,000 against debtor in a child custody dispute.

Debtor remarried, to Luetkenhaus, and the couple had a child. Debtor and Luetkenhaus also divorced, and there was substantial litigation in the dissolution proceeding about child custody and parenting time for the Luetkenhaus child. After a very lengthy trial, the state court awarded full legal custody to Luetkenhaus and, on September 4, 2014, ordered debtor to pay $60,000 in attorney fees.

Debtor filed a chapter 13 petition in 2012, and confirmed a 36-month plan. Smith filed a proof of claim for the $15,000 attorney fee award as a general unsecured claim.

In 2014, after the state court awarded attorney fees to Luetkenhaus, debtor voluntarily dismissed her chapter 13 case on advice of counsel. She refiled chapter 13 shortly thereafter with the intent of discharging the Luetkenhaus attorney fee award in her second case.

After a hearing in which the court ordered that the automatic stay would not be extended, the second case was dismissed when debtor failed to convert to chapter 7.

A year later, debtor filed this current chapter 13 case. Both Luetkenhaus and Smith have filed proofs of claim asserting priority status for the attorney fee awards from the family law courts: Luetkenhaus for $61,183.25 and Smith for $28,163.50. Debtor has objected to those claims, asserting that they are not entitled to priority as DSOs.[1] She has also objected to the priority claim filed by Gregory Soriano for $6,894.84. She has not objected to other priority claims of the IRS for $8,633, the Oregon Department of Justice Division of Child Support for $72, and the Oregon Department of Revenue for $3,462.

Debtor proposed a plan that does not provide for payment of the obligations to the ex-husbands or to Soriano; those debts are treated as general unsecured claims.

Luetkenhaus and the trustee object to debtor's plan. Both objections raise the issue of whether debtor's plan can be confirmed without providing for payment in full of the obligation to Luetkenhaus as a priority DSO.[2] They argue that, if the obligation to Luetkenhaus is a DSO, the plan is not feasible. Luetkenhaus also argues that debtor did not file her case and plan in good faith and asks the court to dismiss the case with a five-year bar to refiling.

---

[1] Debtor filed the claims objections just before the July 27, 2016, evidentiary hearing on confirmation. The court, with the consent of Mr. Luetkenhaus, considered both debtor's objection to the Luetkenhaus claim and confirmation of the plan at the confirmation hearing.

[2] If the obligation to Luetkenhaus is a DSO, there is no need to determine whether the obligations to Smith and Soriano are also DSOs. From her schedules, it appears that debtor does not have the ability to pay even the Luetkenhaus claim in full during the life of the plan.

DISCUSSION

1. Domestic Support Obligation

In a chapter 13 case, the plan may not be confirmed unless it provides for payment in full of claims entitled to priority under § 507. § 1322(a)(2). Section 507(a)(1)(A) gives first priority to "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor[.]" As relevant here, a "domestic support obligation" is defined as a debt owed to a spouse, former spouse, or child that is "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated[.]" § 101(14A).

> Whether an obligation is in the nature of support and thus qualifies as [] support under bankruptcy law is a question of federal law. In determining whether an obligation is a DSO entitled to priority under § 507(a), the court looks to the interpretation of DSO discussed in cases relating to the dischargeability of support under *former* § 523(a)(5).

In re Nelson, 451 B.R. 918, 921 (Bankr. D. Or. 2011) (citations omitted). Labels used by the state court are not binding on the bankruptcy court. In re Jodoin, 209 B.R. 132, 138 (9th Cir. BAP 1997).

Attorney fees incurred in a child custody proceeding may be in the nature of support, where those fees were for representation of a guardian ad litem to represent the child's best interests. In re Chang, 163 F.3d 1138, 1141 (9th Cir. 1998). A debt for repayment to the state for state aid paid to the parent is in the nature of support, because the basis of the debt benefitted the children. In re Leibowitz, 217 F.3d 799 (9th Cir. 2000).

The BAP has recognized that, when the question is whether an obligation is in the nature of child support (as opposed to spousal support), the court should

> look "'at the surrounding circumstances and all other relevant incidents bearing on the [court's] intent'" to determine whether [the court] intended a particular obligation to be in the nature of child support.

In re Seixas, 239 B.R. 398, 404 (9th Cir. BAP 1999) (citation omitted). The critical inquiry is the substance of the obligation and the intent of the state court that made the award. Id. When the award relates to child custody and parenting time, courts consider primarily whether "the issues involved in custody disputes are generally decided by consideration of the child's best interests." In re Rehkow, 2006 WL 6811011 *3 (9th Cir. BAP 2006) (unpublished) (collecting cases), aff'd, 2007 WL 1879974 (9th Cir. 2007) (unpublished). As the BAP pointed out, "the vast majority of reported decisions dealing with an award of attorneys' fees in a child custody proceeding have concluded that the fees were in the nature of the child's support within the meaning of § 523(a)(5)." Id. The same analysis applies where custody is litigated in the dissolution proceeding.

Thus, in considering whether attorney fees awarded in a dispute over child custody is in the nature of support, the court should consider the substance of the award and whether the state court intended the award of attorney fees to be in the nature of support. Where the basis of the attorney fee award is litigation over the best interests of the child, which benefits the child, the substance of the award is in the nature of support. In re Moser, 530 B.R. 872 (Bankr. D. Or. 2015). Where, however, the award of fees is imposed as a punitive measure to punish the parent for bringing the action, and the child's best interests were never reevaluated, the fees are not in the nature of support. In re Olsson, 532 B.R. 810, 813 (D. Or. 2015).

The substance of the obligation in this case, attorney fees, is not helpful in determining the nature of the obligation. Therefore, I need to determine the court's intent in awarding the fees.

The fees that make up Luetkenhaus's claim arose out of the parties' dissolution proceeding. Although Luetkenhaus had earlier offered to agree to joint legal custody, after trial the court awarded him full legal custody of the child, with parenting time for debtor. Counsel for Luetkenhaus filed a Statement for Attorney Fees, Costs, and Disbursements, seeking $84,761.84 in fees and costs pursuant to ORS 107.105. That statute allows the court to provide in a dissolution judgment for an award of reasonable attorney fees. ORS 107.105(1)(j). The Statement for Attorney Fees addressed the factors that the court considers in determining whether to award fees and, if fees are awarded, the amount of such fees, pursuant to ORS 20.075.

The trial court awarded $60,000 of the requested fees and costs. The Supplemental Judgment says, as relevant, that the court had analyzed the factors and considered the parties' arguments and merits of the case. "The factors and arguments noted in Petitioner's Statement for Attorney Fees are persuasive to the Court." Supplemental Judgment ¶ 2(C).

The Statement for Attorney Fees laid out the history of the case, including the fact that debtor was an "especially difficult opposing party." Statement for Attorney Fees ¶ 1(a). Counsel listed numerous instances of debtor's tactics to delay or gain advantage in the case, including, among other things, obtaining a restraining order to stop an emergency temporary custody request, routinely failing to comply with or resisting additional parenting time for Luetkenhaus, unreasonably restricting his parenting time, harassing him at parenting time exchanges, delaying the custody study and arguing that the custody evaluator was biased, and seeking a change of judge. Her actions made the trial difficult, requiring a seven-day trial that occurred a day or two at a time over six months.

Luetkenhaus incurred attorney fees in dealing with matters that were related but somewhat extraneous to the child custody and parenting time issues, including the restraining order and a stalking protective order. However, Luetkenhaus testified, and I find his testimony credible on this point, that most of the time spent by his attorney before and during trial related to child custody and parenting time issues. Very little time was spent during the entire divorce process on property division or other dissolution issues.

      Debtor's tactics were ultimately unsuccessful, with Luetkenhaus obtaining a better result with regard to custody and parenting time than he had originally sought or offered in settlement. The court awarded him full legal custody of the child and provided for parenting time for debtor.

      This was, by all accounts, an extremely contentious divorce case, mostly relating to issues of child custody and parenting time. Although the parties disputed who was being unreasonable, in the end the dissolution court awarded full custody to Luetkenhaus and awarded Luetkenhaus a large portion - $60,000 of approximately $84,000 - of his attorney fees in the action. Thus, I can infer that the court found that those fees were reasonable in light of debtor's conduct in disputing the custody and parenting time issues.

      I am not convinced by debtor's argument that the attorney fee award was a sanction for her bad conduct. The court awarded fees pursuant to ORS 107.105, which is not a sanctions statute. Although it appears the court viewed the protracted proceedings as debtor's rather than Luetkenhaus's fault, the trial was primarily about the best interests of the child in deciding who would have custody and the amount of parenting time the non-custodial parent would have. This determination was to benefit and support the child. Attorney fees incurred to provide the court with the information needed to make that determination is, in substance, in the nature of child support.

      I recognize that Luetkenhaus's counsel argued, both in his Statement for Attorney Fees and at the attorney fee hearing, that debtor's bad conduct should not be rewarded. That does not demonstrate, however, that the award of $60,000 of an $84,000 attorney fee request was intended to punish debtor rather than to benefit the child. I find that the court intended the award not as punishment for bad behavior but instead to compensate Luetkenhaus for harm done from the unnecessary protracted litigation regarding the welfare of the child.

      Because I have concluded that the expenses incurred in the trial were related almost entirely to issues surrounding the best interests of the child, fees incurred in trial preparation and attendance are in the nature of support. I made a rough calculation of charges that could be easily determined to be related directly to the trial. Those fees alone add up to approximately $41,500. There were also fees that I did not include in the calculation that clearly related to the child's best interests, including fees relating to the custody study, calculating child support, and issues surrounding custody evaluations.

      In his Supplemental Memorandum, Luetkenhaus agreed that 20 percent of the attorney fee award could be considered non-priority as related to matters other than the child custody and parenting time issues. Eighty percent of the $61,183.25 claim amount is $48,946.60.

      I conclude that $48,946.60 is a reasonable determination of the amount that related to the best interests of the child, and is in the nature of support. Therefore, Luetkenhaus has a priority claim of $48,946.60, which must be paid in full through the plan. § 1322(a)(2). Because debtor's plan does not provide for payment of that priority claim, confirmation must be denied.

2.   Dismissal for lack of good faith

Luetkenhaus asks that the court dismiss debtor's case due to her lack of good faith in filing the case and in proposing her plan, and bar her from refiling for five years. He argues that debtor filed her case, and the two cases before this, to avoid having to pay priority debts for attorney fees incurred in child custody litigation, and that her conduct was particularly egregious.

The court may dismiss a chapter 13 case "for cause," which includes bad faith. In re Leavitt, 171 F.3d 1219 (9th Cir. 1999). In determining whether to dismiss for bad faith, the court considers the totality of the circumstances, including (1) whether the debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed the case in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether there is egregious behavior. Id. at 1224.

I do not find that debtor filed her case or her plan in bad faith. She had two prior chapter 13 cases, the first of which she dismissed on advice of counsel and refiled after Luetkenhaus obtained his attorney fee award against her and garnished her wages. That second case was dismissed because she failed to convert to chapter 7 after the court held that the automatic stay would not be extended. This case was filed a year later.

Debtor filed this case to avoid garnishment and to obtain discharge of the attorney fee debt to her ex-husbands. Debtor's schedules show that she does not have the means to pay those debts as priority claims. Although I have held that the debt to Luetkenhaus is in large part a priority debt, debtor's argument to the contrary was not frivolous. She was entitled to file her case and obtain a court determination on that issue. The fact that her plan is not feasible if the claim is entitled to priority does not preclude her from in good faith making the argument that it is not a priority claim.

Debtor has not engaged in egregious conduct; she filed her case because she cannot afford to have her wages garnished by Luetkenhaus and still support herself and her children.

Therefore, I decline to dismiss the case for bad faith, or to bar her from refiling.

I recognize that this decision leaves debtor in a difficult financial position given the size of the Luetkenhaus claim and her limited income, and may foreclose bankruptcy relief for her. However, the Bankruptcy Code is clear that DSO and other priority claims must be paid in full in chapter 13 before discharge. The fact that debtor may be left in financial purgatory is the consequence of her proclivity for protracted domestic relations litigation.

CONCLUSION

Confirmation of debtor's chapter 13 plan will be denied. Although nothing in the record demonstrates that debtor will be able to propose a feasible plan, I will give debtor 21 days from the date of entry of the order denying confirmation to file an amended plan. If debtor proposes an amended plan that on its face cannot be confirmed because it does not pay her priority debts

Rita K W Luetkenhaus
Wayne Godare
Richard E. Fowlks
August 23, 2016
Page 7

in full or proposes to pay the priority debts but her schedules do not demonstrate an ability to do so, I will reconsider dismissal of the case with a bar to refiling. If debtor fails to file an amended plan or motion to convert to chapter 7 within the 21 days of entry of the order denying confirmation, the case will be dismissed without further notice or hearing.

      The clerk will be directed to enter an order denying confirmation and giving debtor 21 days to file an amended plan.

                              Sincerely,

                              Peter C. McKittrick
                              Bankruptcy Judge

Transmitted via ECF to Mr. Godare and Mr. Fowlks
Transmitted via USPS to Ms. Luetkenhaus