Gregory B. Soriano
OSB#732859
Email: greg@sorianofamlaw.com
8705 SW Nimbus Avenue, Suite 230
Beaverton, OR 97008
Tel. 503-924-3090
Fax: 503-924-3094
*Creditor*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF OREGON**

| | |
|---|---|
| IN RE:<br><br>RITA K. W. LUETKENHAUS,<br><br>                       Debtor. | CASE NO. 16-30474-pcm13<br><br>CREDITOR GREGORY B. SORIANO'S HEARING BRIEF |

The Creditor Gregory B. Soriano submits this Hearing Brief as follows:

NATURE OF ACTION

Debtor objects to Claim No. 13 filed by Creditor Gregory B. Soriano on the grounds that she believes the Claim fails to assert grounds for priority and appears to include interest or charges accrued after the filing- Debtor requests said Claim be a nonpriority unsecured claim. Creditor Gregory B. Soriano states that Claim No. 13 is a priority claim as it is a domestic support obligation ("DSO") under 11 U.S.C. §507(a)(1)(A) and (B).

SUMMARY OF ARGMENT

With respect to Debtor's claim that Creditor Gregory B. Soriano's Claim No. 13 fails to assert grounds for priority, Creditor Gregory B. Soriano states that he was the attorney for one of the minor children of the Debtor in the Washington County Circuit Court, Case No. C06-236DRC for the time period in which the debt was incurred. On February 21, 2014, Creditor Gregory B. Soriano

was appointed by the Honorable Donald Letourneau as legal counsel for one of Debtor's minor children, by an Order Appointing Legal Counsel for Child ("Order"). As part of this Order, the minor child was to be treated as a party to the case. In addition, as part of this Order, the court reserved the jurisdiction to assess the child's attorney fees to either or both parents at the conclusion of the proceeding.

In 2005, Congress enacted the BAPCPA to prevent individuals from using the Bankruptcy Court to shirk their domestic support obligations. The BAPCPA amended 11 U.S. C. § 523(a) to provide, in pertinent part:

> A discharge under . . . . . . this title does not discharge an individual debtor from any debt . . . (5) **for a domestic support obligation**; . . . [or] (15) to a spouse, former spouse, or child of the debtor and of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. [Emphasis added]

Pursuant to 11 U.S.C §101 (14A), the "Definitions" section of the Bankruptcy Code defines "domestic support obligation" as:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, **including interest that accrues on that debt** as provided under the applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> (A) owed to or recoverable by—
>     (i) a spouse, former spouse, or **child of the debtor** or such child's parent, legal guardian, or responsible relative; or
>     (ii) a governmental unit;
> (B) **in the nature of alimony, maintenance, or support** (including assistance provided by a governmental unit) of such spouse, former spouse, or **child of the debtor** or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) **an order of a court of record**; or

> (iii) a determination made in accordance with applicable nonbankruptcy law by a government unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt. [Emphasis added]

Creditor Gregory B. Soriano represented one of Debtor's minor children in a case involving custody, parenting time and support. Pursuant to the Order appointing Creditor Gregory B. Soriano as the attorney for the minor child, the minor child was to be treated as a party to the case. As such, Claim No. 13 arises from attorney fees awarded to Creditor Gregory B. Soriano as the attorney for the minor child in the state court dispute over child custody, child welfare, parenting time and child support. All of the amounts set forth in Claim No. 13 are DSO claims and are entitled to priority under 11 U.S.C §507(a)(1)(A) and (B), including the interest on said debt.

This Court should be aware that Creditor Gregory B. Soriano submitted his ORCP 68 Statement for attorney fees to the circuit court judge at the conclusion of his appointment as attorney for one of Debtor's minor children in February 2015. Pursuant to ORCP 68, Debtor had 14 days to submit objections to said request for attorney fees. The father in the proceedings timely submitted objections to the request, but **Debtor did not file timely objections** to the request. Based upon Debtor's legal position being unreasonable throughout case and the fact that her substantive litigation was unnecessary, the Honorable Donald Letourneau in his Letter Opinion dated March 16, 2015 stated: "The court is mindful that the mother [Debtor] is not a wealthy individual, but nevertheless concludes that **an award of attorney fees is appropriate ….**" [Emphasis added].

Attorney fees incurred in a child custody proceeding may be in the nature of support, where those fees were for representation of the child's best interests. In the Washington County Circuit Court for cases involving a child age 12 or older, the court presumes at the outset that a traditional,

non-best interest is appropriate. At the time of the Order appointing Creditor Gregory B. Soriano as attorney for the minor child, the minor child was age 12 or older. This does not change the fact that Creditor Gregory B. Soriano's representation of the minor child benefited the minor child. Where the attorney fee award arises from litigation over the best interest of a minor child, where the minor child benefited, that award should be in the nature of support. Creditor Gregory B. Soriano only represented the minor child in issues in the case that directly involved the minor child and was best for the minor child.

All of the fees incurred by Creditor Gregory B. Soriano were incurred in direct relation to those issues only involving the minor child, and are therefore all in the nature of support of the child of the Debtor. This debt was brought about by Debtor's litigious nature in prolonging litigation involving the custody, parenting time and child support of her children. Debtor's actions were factors of consideration in the award of attorney fees to Creditor Gregory B. Soriano, to be paid by Debtor. The fees were incurred regarding issues that affected the minor child and the minor child's best interests. Creditor Gregory B. Soriano's fees in representing the minor child were necessary in determining the best interest of the minor child and decisions regarding his custody, parenting time and support. The award of attorney fees that is the basis for Claim No. 13 is in the nature of support and as such, is a DSO and DSO's receive priority status under Chapter 13 in the bankruptcy code.

Finally, it is important for this Court to note that the appointment of Creditor Gregory B. Soriano as the attorney for one of Debtor's minor children in February 2014 was the second time Creditor Gregory B. Soriano had been appointed as the attorney for the minor child. Creditor Gregory B. Soriano was first appointed to represent one of Creditor's minor children in 2011. At the time of the appointment in 2011, Creditor Gregory B. Soriano was appointed "pro bono". Then in 2014, Creditor Gregory B. Soriano was appointed for a second time to represent one of Creditor's

Page | 4    **CREDITOR GREGORY B. SORIANO'S HEARING BRIEF**

Case 16-30474-pcm7    Doc 86    Filed 11/08/16

minor children. Recently, in October 2016, Creditor Gregory B. Soriano was once again appointed as the attorney for one of Creditor's minor children. This is now the third time Creditor Gregory B. Soriano has been appointed to represent the minor child of Debtor.

Creditor Gregory B. Soriano's Claim No, 13 should be designated priority status as it is a domestic support obligation.

Dated this 8th day of November, 2016.

/s/ Gregory B.Soriano
Gregory B. Soriano (OSB#732859)
Creditor

## TRUE COPY CERTIFICATE

I certify that the foregoing copy of Creditor Gregory B. Soriano's Hearing Brief is/are true, exact and full copy of the original thereof.

Dated this 8th day of November, 2016.

    /s/ Gregory B.Soriano  
Gregory B. Soriano (OSB#732859)  
Creditor

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November 2016, a copy of the foregoing Creditor Gregory B. Soriano's Hearing Brief was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail as set forth below. Parties may access this filing through the Court's electronic filing system.

    Rita K. W. Luetkenhaus  
    PO Box 1262  
    Hillsboro, Oregon 97123-1262

Dated this 8th day of November, 2016.

    /s/ Gregory B.Soriano  
Gregory B. Soriano (OSB#732859)  
Creditor